# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00450-CV

**In re Edwin Darnell Williams, Jr.**

## ORIGINAL PROCEEDING FROM BASTROP COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Edwin Darnell Williams, Jr. filed a document in the trial court titled, "Plaintiff's Original Application for Writ of Mandamus." That document, which he styled as intended for the Texas Court of Criminal Appeals, complains that the sentence imposed by the trial court in its 2009 criminal proceeding against him was void, that his guilty plea was involuntary, and that his trial counsel did not file a notice of appeal as he requested. The trial court did not take any action on the document, and the trial court clerk forwarded it to this Court, where it was docketed as a petition for writ of mandamus.

We have reviewed the document and all the claims raised. The complaints asserted by relator are the sort of claims that must be raised by way of a post-conviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.07; *see also Olivo v. State*, 918 S.W.2d 519, 525 n.8 ("the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07"); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (court of appeals may not enter mandamus order in criminal proceeding unless there is no adequate remedy at law and sought act is ministerial,

not discretionary; in post-conviction felony proceeding, adequate remedy at law is available by way of application for writ of habeas corpus); *In re Bradley*, No. 03-12-00744-CV, 2013 WL 150284, at *1 (Tex. App.—Austin Jan. 9, 2013, orig. proceeding) (inmate filed petition for writ of mandamus seeking to have conviction set aside as void; this Court held that relief sought "amounts to relief that is available through a writ of habeas corpus pursuant to article 11.07 of the code of criminal procedure" and that "this Court is without jurisdiction to grant relief in such cases").[1]

We dismiss the petition for writ of mandamus for want of jurisdiction. *See Bradley*, 2013 WL 150284, at *1.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed: August 26, 2015

---

[1] Relator states in his petition that he sought habeas relief and was denied, but that does not mean that we somehow now have jurisdiction and may grant relief that the court of criminal appeals has already denied.